IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jeremy Wilson, | ) | C/A No. 3:14-1694-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Fort Jackson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Jeremy Wilson ("Plaintiff"), a self-represented litigant, brought this action in the United States District Court for the Southern District of New York, which transferred the case to this court. (ECF No. 3.) Plaintiff, who files this action *in forma pauperis* under 28 U.S.C. § 1915, alleges state law claims and a violation of his constitutional rights by the defendant. (ECF No. 2 at 3.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Factual and Procedural History**

Plaintiff alleges that, on March 28, 2013, he was accused of assault and wrongfully arrested without due process of law based on the false accusations of a Fort Jackson army sergeant. (ECF No. 2 at 3.) Plaintiff claims that such actions resulted in "defamation, pain and suffering." (Id.) Plaintiff seeks monetary damages. (Id. at 4.)

**II.    Discussion**

  A.    **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

  This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

PJG

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

Plaintiff alleges false arrest in violation of the Fourth Amendment, and a violation of his right to due process under the Fourteenth Amendment. (ECF No. 2 at 3.) Plaintiff also alleges state law claims of defamation and intentional infliction of emotional distress. (Id.) Plaintiff is bringing suit against Fort Jackson, a United States Army training facility. Therefore, his constitutional claims are evaluated under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. See Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). To state a claim under Bivens, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of



the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of federal law.[1]  West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff fails to name a defendant amenable to suit in this case.  It is well settled that only "persons" may act under color of state or federal law; therefore, a defendant in a § 1983 or Bivens action must qualify as a "person."  See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).  Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state or federal law.  See Murphy-Barber v. Murray, No. 96-6247, 1996 WL 380280, at *1 (4th Cir. July 1, 1996) (finding Bureau of Prisons is not a "person" as required by Bivens); Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (plaintiff failed to establish that the detention center, "as a building and not a person, is amenable to suit under § 1983"); Tolliver v. Edgefield Corr. Inst., C/A No. 0:06-903-PMD, 2006 WL 1391447, at *3 (D.S.C. May 16, 2006) (collecting cases holding that buildings, facilities and grounds are not amenable to suit under Bivens).  As a training facility it is not a "person" amenable to suit under Bivens, Fort Jackson is entitled to summary dismissal from this case.  See Herndanez-Regules v. Immigration and Customs Enforcement, C/A No. 1:13-2622-DCN, 2013 WL 5964569, at *2 (D.S.C. Nov. 7, 2013) (adopting Report and Recommendation finding that inanimate federal entity did not constitute a " 'person' amenable to suit under Bivens").

---

[1] A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 818 n.30 (1982); see also Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310 n.8 (M.D. Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).



Further, to the extent Plaintiff intended to bring his constitutional claims against a federal agency, the case is still subject to summary dismissal. The principle of sovereign immunity prohibits individuals from suing the United States or its agencies without their consent, see FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Service, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity), and "the United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Bivens did not abolish the doctrine of sovereign immunity of the United States. Any remedy under Bivens is against federal officials individually, not the federal government."). Therefore, any constitutional claims asserted by Plaintiff against a federal agency should be summarily dismissed.

Because Plaintiff's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### III.  Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

May 30, 2014  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).